LANDRY, Judge.
This expropriation suit is one of the proceedings consolidated on appeal with the matter entitled Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369.
The property involved in the instant case is owned jointly and in indivisión by defendants Rene A. Stiegler and Irma Stieg-ler. It adjoins the property involved in the consolidated companion case of Central Louisiana Electric Co., Inc. v. Stiegler, 131 So.2d 390, in which the defendant herein, Rene A. Stiegler, is the sole owner-defendant. The two properties were treated as one on the trial thereof as well as in the briefs and argument of counsel before this court. In view of the foregoing we shall consider the instant matter and the Rene A. Stiegler suit as a single proceeding but render separate judgment in each suit after discussion of the issues involved.
The trial court rendered judgment for plaintiff herein in the instant matter as well as in the Rene A. Stiegler cause fixing the value of the servitude in the case at bar at the sum of $1,800 and that in the Rene A. Stiegler matter in the amount of $900. In addition present defendants were awarded $4,775 in severance damages and defendant Rene A. Stiegler granted severance damages in the aggregate of $2,900.
All parties in both the matter at hand and the case against Rene A. Stiegler alone agree the compensation awarded by the lower court for the servitudes taken were proper and should not be disturbed.
In view of said stipulation concerning the propriety of the awards for the servi-tudes taken in these two matters and the pronouncements of this court in Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369, with which both these matters have been consolidated, it follows, the only issue remaining for disposition is the question of the severance damages due defendants, if any. Plaintiff-appellant maintains defendants have established no severence damages and the awards therefor should be completely set aside whereas defendants maintain an increase therein is in order.
In both the causes presently under consideration the properties involved are cut-over pine lands situated about two miles from Covington,-St. Tammany Parish, Louisiana, on the north side of the Covington-Hammond Highway. The tracts abut, the westernmost parcel (nearest Hammond) being owned jointly by defendants herein, Rene A. and Irma Stiegler whereas the adjoining and easternmost tract (nearest Cov-ington) belongs to Rene A. Stiegler individually.
The property owned solely by defendant Rene A. Stiegler is rectangular in shape having a front of 593 feet on the Covington-Hammond Highway by a depth of approxi *389 mately 2,960 feet which the record indicates extends between virtually parallel lines and contains an estimated 40 acres. The adjoining property (involved in the instant case and owned by Rene A. and Irma Stiegler) is likewise rectangular in shape measuring 8S0 feet front on the highway by a similar depth of 2,960 feet between approximately parallel lines and therefore may be said to contain 56 acres.
The centerline of plaintiff’s servitude enters the Rene A. and Irma Stiegler tract at a point on its west line approximately 480 feet north of the highway on which the •property fronts and extends diagonally across the land in a northeasterly direction a distance of 1,150 feet crossing the common boundary of the two Stiegler tracts at a point 1,310 feet north of the highway. From this latter point the line continues diagonally in the same northeasterly direction across the property of defendant Rene A. Stiegler, a distance of 860 feet crossing the eastern boundary of said Stiegler’s tract at a point 1,840 feet north of the Cov-ington-Hammond Highway. One tower will be situated on each of these separate tracts; on the Rene A. and Irma Stiegler property a tower will be located approximately 125 feet east of the west property line while on the Rene A. Stiegler land a tower will be placed approximately 225 feet east of its west property line. The area of the servitude required of defendants Rene A. and Irma Stiegler embraces 3.3 acres whereas that taken from defendant Rene A. Stiegler comprises 2.47 acres.
Defendants’ claims for severance damages are based on the contention the highest and best use of the rear portions of their respective properties is residential subdivision development and, as such, their remaining lands will suffer a depreciation in market value because of proximity to plaintiff’s lines. The reasons upon which defendants’ positions are predicated are identical to those advanced by defendants in Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369, and Central Louisiana Electric Co., Inc. v. Harang, 131 So.2d 398, which are consolidated with the instant matters and in which judgments were this day rendered on appeal.
The testimony upon which the present defendants rely as establishing their claims to severance damages to remaining residential subdivision properties is identically the same as that tendered in the cases of Central Louisiana Electric Co., Inc. v. Covington & St. Tammany Land & Improvement Co., La.App., 131 So.2d 369, and Central Louisiana Electric Co., Inc. v. Harang, La.App., 131 So.2d 398.
Assuming arguendo, the evidence establishes the best and highest use of defendants’ remaining properties to be residential subdivision development, for the reasons set forth in Central Louisiana Electric Co. v. Covington & St. Tammany Land & Improvement Co., 131 So.2d 369, and Central Louisiana Electric Co. v. Harang, 131 So.2d 398, decided in this court on this present date, we hold defendants herein have failed to prove severance damages for such use with that degree of certainty required by law.
It follows the judgment of the trial court must be amended in each of these two cases to the extent the severance damages therein granted be disallowed and set aside.
Accordingly, the judgment of the lower court is hereby amended in that the award therein of severance damages in the sum of $4,775 is hereby cancelled, annulled and set aside. Except as herein expressly amended, the judgment of the trial court is affirmed.
Amended and affirmed.